IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
STATE OF GEORGIA

| | | |
|---|---|---|
| NATIONAL LOAN ACQUISITIONS COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION FILE<br><br>NUMBER _____ |
| vs. | ) ) | |
| ACE EDUCATIONAL INTERNATIONAL, INC., | ) ) ) | Removed From Henry County Case. No. 2021-474CD |
| Defendant. | ) ) | |

## **NOTICE OF REMOVAL**

COMES NOW ACE EDUCATIONAL INTERNATIONAL, INC. ("Defendant ACE"), the Defendant in the above-styled civil action, and hereby files its Notice of Removal and shows this honorable Court in support thereof as follows:

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant ACE hereby removes this action from the Magistrate Court of Henry County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is based on federal question jurisdiction and diversity jurisdiction because a federal question exists and because complete diversity of citizenship exists between Plaintiff and all properly joined Defendants and the amount in controversy exceeds $75,000.00. This case was originally filed in the Magistrate Court of Henry County,

Georgia on February 1, 2021.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed therein are attached hereto as Exhibit "A" and incorporated herein by reference.

## I.  BACKGROUND.

On February 3, 2021, Defendant ACE was served the Dispossessory Warrant (the "Complaint") seeking possession of certain property located at 483 Walker Drive, McDonough, GA  30253 (the "Property") and also seeking damages.   This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.  The removal of this action is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of receipt of the Complaint by Defendant ACE, which was February 3, 2021.  *See* 28 U.S.C. § 1446(b)(2)(B).  The United States District Court for the Northern District of Georgia is also the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and was pending.

## II.  FEDERAL JURISDICTION.

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  This Court has original jurisdiction here pursuant to 28 U.S.C. § 1331 because it is apparent from the pleadings that this action presents substantial questions of federal law under the CARES Act, codified at Pub. L. No. 116-136,

134 Stat. 281 (2020), and the Servicemembers' Civil Relief Act ("SCRA") codified at 50 U.S.C. Appx. § 501 *et seq*. Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending." Further, to the extent the Complaint alleges statutory claims, state common law claims, or other non-federal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claim under federal law and "form a part of the same case or controversy under Article III of the United States Constitution." As a result, because some of Plaintiff's claims arise under the laws of the United States, the removal of this entire case is appropriate under 28 U.S.C. § 1441(a)-(c).

III. DIVERSITY JURISDICTION.

This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and all properly joined defendants (there is only a single defendant in this case) and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff is organized in and a citizen of Oregon, where it also has its principal place of business. Plaintiff is a citizen of the State of Oregon for purposes of this civil action. A true

and correct copy of the ABN Activation Renewal for Plaintiff is attached hereto as Exhibit "B" and incorporated herein by reference. The subject property is located at 483 Walker Drive, McDonough, Georgia 30253 (the "Property"). Defendant is a domestic non-profit corporation organized under the laws of the State of Georgia, where it also has its principal place of business. Defendant is a citizen of the State of Georgia. Consequently, complete diversity of citizenship exists between Plaintiff and the non-profit Defendant ACE.

Although the non-profit Defendant ACE denies that Plaintiff is entitled to recover any amount and specifically denies that Plaintiff is entitled to relief in the various forms sought, the Complaint's allegations place in controversy more than $75,000.00, exclusive of interest and costs. The Complaint seeks property that according to the Board of Tax Assessors in Henry County in 2020 has a total appraised value of $869,400.00. A true and correct copy of that valuation is attached hereto as Exhibit "C" and incorporated herein by reference. *See* Clark v. Ocwen Loan Servicing, 2015 WL 11438602, at *3 (N.D. Ga. 2015) indicating that removal based on a county's tax assessment satisfied the amount in controversy requirement.

IV.    CONCLUSION.

This Court has federal question jurisdiction as outlined above and diversity jurisdiction in this action because (i) there is complete diversity of citizenship

between the parties and (ii) an amount in excess of the $75,000.00 jurisdictional threshold is at issue. Accordingly, Defendant ACE is entitled to remove this civil action to the United States District Court for the Northern District of Georgia. In filing this Notice of Removal, Defendant ACE does not waive, and specifically reserves, any and all objections as to jurisdictional notice, subject matter jurisdiction, sufficiency of the warrant itself, personal jurisdiction, service, any other defenses, exceptions, rights and motions.

WHEREFORE, Defendant ACE files this Notice of Removal and removes the above identified civil action to the United States District Court for the Northern district of Georgia.

Respectfully submitted this 18th day of February, 2021.

JOHNSON LEGAL OFFICES, L.L.C.

By: /s/ Larry W. Johnso
Larry W. Johnson
Georgia Bar No. 394896
Attorney for Defendant ACE

138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404)486-2361
Facsimile: (404)393-0826
Email: LJohnson@SuretyBondsAgency.com
MoreyEvRemovalNotice01am

## **CERTIFICATE OF COMPLIANCE WITH L.R. 5.1C**

The undersigned hereby certifies that the foregoing document has been computer processed with 14 point Times New Roman font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1C.

Respectfully submitted this 18th day of February, 2021.

JOHNSON LEGAL OFFICES, L.L.C.

By:   /s/ Larry W. Johnson
     Larry W. Johnson
     Georgia Bar No. 394896
     Attorney for Defendant ACE

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing NOTICE OF REMOVAL was served upon all parties electronically via the Court's system, plus the following who was also served by mailing same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to ensure delivery, addressed as follows:

> Joseph G. Mattarella, Esq.
> FREISEM, MACON, SWANN & MALONE, L.L.P.
> Monteith Commons
> 2905 Piedmont Road, N.E.
> Suite C
> Atlanta, GA  30305
> Attorney for Plaintiff

This 18th day of February, 2021.

/s/ Larry W. Johnson
Larry W. Johnson
Attorney for Defendant ACE

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404)486-2361
Facsimile: (404)393-0826
Email: LJohnson@SuretyBondsAgency.com