IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
STATE OF GEORGIA

| | |
|---|---|
| NATIONAL LOAN ACQUISITIONS COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> ACE EDUCATION INTERNATIONAL, INC., <br><br> Defendant. | CIVIL ACTION FILE <br><br> NUMBER 1:21-CV-00698-TCB-JCF <br><br> Removed From Henry County <br> Case. No. 2021-474CD |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR EXPEDITED AND SUMMARY
DISPOSITION OF MOTION TO REMAND AND FOR EXPENSES**

COMES NOW ACE EDUCATION INTERNATIONAL, INC. ("Defendant ACE"), the Defendant in the above-styled civil action, and hereby files Defendant's Response in Opposition to Plaintiff's Motion for Expedited and Summary Disposition of Motion to Remand and For Expenses and shows this honorable Court in support thereof as follows:

I. <u>DEADLINE TO OBJECT TO FINAL REPORT AND RECOMMENDATION HAS PASSED</u>

The Magistrate Judge of this Court issued and filed a Final Report and Recommendation [Doc. 5] on February 23, 2021, which was three days before the

current counsel for Plaintiff filed anything in this case. Plaintiff actually cited in his recent Expedited Motion [Doc. 11, page 2] the fact that such Final Report and Recommendation was filed herein, so Plaintiff's counsel is aware of the entry of such Final Report and Recommendation. However, current counsel again ignored the Final Report and Recommendation and went to great lengths to reiterate many of the issues raised in that Final Report and Recommendation, presumably to increase his request for attorney's fees. The Order for Service on Reports and Recommendation of United States Magistrate then gave each party the opportunity to file "written objections, if any, to the Report and Recommendation within **14** days of service of this Order." (Empasis supplied.) [Doc. 6, p. 1] If no objections are filed by a party, then the court "will deem waived any challenge to factual and legal findings to which there was no objection ..." [Doc. 6, p. 2] *See* <u>Rosenberg v. DVI Receivables XIV, L.L.C.</u>, 818 F. 3d 1283 (11th Cir. 2016) for general discussion on computing 14-day deadlines.

Because the Final Order and Recommendation was filed and served on February 23, 2021, the 14-day deadline expired on March 9, 2021. Plaintiff did not file any objections by March 9, 2021, and the Final Report and Recommendation has waived any challenge to factual or legal findings, and that Final Report and Recommendation also had no provisions for fees. Of course, at the time of filing the Final Report and Recommendation, the Plaintiff had not filed ANYTHING with the

federal court whatsoever, even though they now seek fees and costs in the amount of $4,480.00, which will be further addressed below. As a result, because Plaintiff did not timely object to the Final Report and Recommendation, "any challenge to factual and legal findings to which there was no objection" are now "deemed waived".

II. LEGAL ARGUMENT

Apparently, this case involves a question of first impression in Georgia and in the 11th Circuit (or any federal circuit court or appeals court of any kind) with respect to the argument relating to the Coronavirus Aid, Relief and Economic Security Act (the "CARES Act") codified at Pub. L. No. 116-136, 134 Stat. 281 (2020), as the undersigned could find no case in Georgia or the 11th Circuit, plus the magistrate judge only cited to three district court cases elsewhere (one in SC and two in CA). Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant ACE removed this action from the Magistrate Court of Henry County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is based on federal question jurisdiction (which this Objection will focus on the CARES Act) and diversity jurisdiction because a federal question exists and because complete diversity of citizenship exists between Plaintiff and all properly joined Defendants and the amount in controversy exceeds $75,000.00.

This case was originally filed in the Magistrate Court of Henry County, Georgia on February 1, 2021. Pursuant to 28 U.S.C. § 1446(a), copies of all process,

pleadings, and orders filed therein were attached to the Notice of Removal as Exhibit "A" and are incorporated herein by reference. However, Plaintiff subsequently attempted to amend its Complaint to increase its alleged monthly damages by 250% (from $8,000 to $20,000) by filing Plaintiff's Amendment to Its Dispossessory Warrant Affidavit (the "Amended Affidavit"). Although the Amended Affidavit was filed the day before removal, the undersigned counsel only received it in the mail after its Notice of Removal had been filed due to the limited ability of the online filing system for the Magistrate Court of Henry County. Unfortunately, counsel for Plaintiff attempted to mislead this Court in his Motion to Remand and For Expenses by stating that the "Dispossessory Warrant seeks only possession of the property and $8,000 past due rent." [Doc. 7-1, p. 5] Plaintiff then reasserts that argument in the Expedited Motion [Doc. 11, p. 3] as well.

Plaintiff further continues to cite to Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378 (N.D. Ga. 2010) actually stating that "[v]irtually every issue in this action is controlled by the law cited in [that] remarkably similar case ..." (Document 7-1, p.2). That case, unlike this case, involves an eviction filed after a foreclosure. While years ago, there was a foreclosure regarding the property at issue in this matter, this eviction is actually based on a lease and not a foreclosure. Also, that case was entered around a decade before the CARES Act was even passed, which is squarely at issue in this matter. *See also* Jones v. R.R. Donnelly

& Sons Co., 541 U.S. 369, 376, 158 L. Ed. 2d 645 (2004) (*citing to* Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 808, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)) discussed below and ignored by Plaintiff.

   III.   FEDERAL JURISDICTION.

Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This Court has original jurisdiction here pursuant to 28 U.S.C. § 1331 because it is apparent from the pleadings that this action presents substantial questions of federal law under the CARES Act. The U.S. Supreme Court has stated that "a claim arises under federal law if federal law provides a necessary element of the plaintiff's claim for relief." Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 376, 158 L. Ed. 2d 645 (2004) (*citing to* Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 808, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)). A necessary element is not just any element of a federal claim; instead, it is only established when "the plaintiff's right to relief necessarily depends on resolution of a substantial question." Christianson, 486 U.S. at 808.

As stated above, the undersigned could find no case in Georgia or the 11th Circuit addressing this issue. The undersigned could also find no other federal circuit or federal appeals court of any kind that has addressed this issue. Consequently, this case appears to involve an issue of first impression. This is a

dispossessory case and the plaintiff's right to relief absolutely turns on the resolution of whether the CARES Act applies to direct the course of the litigation. Also, two individual defendants reside at the Property and Defendant ACE has asserted the defense that all indispensable and necessary parties have not been named. Because the federal CARES Act, therefore, presents a substantial federal question in this case, federal jurisdiction applies pursuant to <u>Jones</u>.

Therefore, removal to this Court was proper under 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending." Further, to the extent the Complaint alleges statutory claims, state common law claims, or other non-federal claims, this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claim under federal law and "form a part of the same case or controversy under Article III of the United States Constitution." As a result, because some of Plaintiff's claims arise under the laws of the United States, the removal of this entire case is appropriate under 28 U.S.C. § 1441(a)-(c).

## IV. CONCLUSION.

This Court has federal question jurisdiction under the CARES Act as outlined above. Accordingly, Defendant ACE is entitled to have this civil action remain with the United States District Court for the Northern District of Georgia. As a result, Plaintiff's Motion to Remand and For Expenses should be denied and, if the case is remanded, the Plaintiff should not be granted its attorney's fees or expenses. Finally, there is no reason to expedite a ruling in this matter just because Plaintiff asserts it may now potentially have a new tenant. Plaintiff cannot ignore the applicable state and federal laws just because Plaintiff feels like it needs the Court to rush to judgment because Plaintiff may now potentially have a new tenant, an argument interestingly potentially available to any and all plaintiffs in any dispossessory action. Defendant ACE does not waive, and specifically reserves, any and all objections as to jurisdictional notice, subject matter jurisdiction, sufficiency of the warrant itself, personal jurisdiction, service, any other defenses, exceptions, rights and motions.

WHEREFORE, Defendant ACE files its Response in Opposition to Plaintiff's Motion for Expedited and Summary Disposition of Motion to Remand and For Expenses and requests that such motion be denied in its entirety, that the above identified civil action remain with the United States District Court for the Northern District of Georgia, and, if the case is remanded, that the Plaintiff should not be

granted its attorney's fees or expenses, and for such other and further relief as this honorable Court deems just and proper.

Respectfully submitted this 10th day of March, 2021.

JOHNSON LEGAL OFFICES, L.L.C.

By: /s/ Larry W. Johnso<br>
Larry W. Johnson<br>
Georgia Bar No. 394896<br>
Attorney for Defendant ACE

138 Hammond Drive, Suite B<br>
Atlanta, GA 30328<br>
Telephone: (404)486-2361<br>
Facsimile: (404)393-0826<br>
Email: LJohnson@SuretyBondsAgency.com<br>
MoreyEvRemovalRemandExpRsp01

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1C

The undersigned hereby certifies that the foregoing document has been computer processed with 14 point Times New Roman font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1C.

Respectfully submitted this 10th day of March, 2021.

                                      JOHNSON LEGAL OFFICES, L.L.C.

                    By:  /s/ Larry W. Johnson
                           Larry W. Johnson
                           Georgia Bar No. 394896
                           Attorney for Defendant ACE

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED AND SUMMARY DISPOSITION OF MOTION TO REMAND AND FOR EXPENSES was served upon all parties electronically via the Court's system, plus the following who was also served by mailing same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to ensure delivery, addressed as follows:

> Joseph G. Mattarella, Esq.
> C. Cyrus Malone, Esq.
> FREISEM, MACON, SWANN & MALONE, L.L.P.
> Monteith Commons
> 2905 Piedmont Road, N.E.
> Suite C
> Atlanta, GA 30305
> Attorney for Plaintiff

This 10th day of March, 2021.

/s/ Larry W. Johnson
Larry W. Johnson
Attorney for Defendant ACE

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404)486-2361
Facsimile: (404)393-0826
Email: LJohnson@SuretyBondsAgency.com