IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATIONAL LOAN
ACQUISITIONS COMPANY,

     Plaintiff,

v.

ACE EDUCATION
INTERNATIONAL, INC,

     Defendants.

CIVIL ACTION FILE

NO. 1:21-cv-698-TCB

# O R D E R

This case comes before the Court on Magistrate Judge J. Clay
Fuller's final report and recommendation (the "R&R") [5], which
recommends remanding this action to the Magistrate Court of Henry
County. Defendant ACE Education International, Inc. has filed
objections [9]. Plaintiff National Loan Acquisitions Company has also
filed (after the R&R recommending remand was issued) a motion [7] to
remand, a motion [8] to supplement its motion to remand, and a motion

[11] to expedite. ACE had filed—before the R&R was issued—a motion [4] to dismiss. After the R&R was issued, it filed a motion [9] to amend its motion to dismiss.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is

2

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

This is a dispossessory action. The R&R recommends remanding because ACE has failed to establish that the Court has either federal question or diversity jurisdiction. ACE argues that the property value is appraised at $869,400; however, ACE leased the property, and National Loan seeks possession, past-due rent of $8,000 (later amended to $20,000) and court costs of $25. The Court agrees with the R&R and cases cited therein that the property value may not be used to establish diversity jurisdiction. Any objection with respect to diversity jurisdiction will be overruled.

---

to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

ACE contends that the Court has federal-question jurisdiction under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and the Servicemembers' Civil Relief Act ("SCRA"). However, as the R&R points out, National Loan did not assert claims under these statutes; instead, the underlying claim is a dispossessory action that arises under state law. Defenses and counterclaims cannot serve as the basis for federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–32 (2002). This objection will be overruled.

In its motion to remand, National Loan also seeks attorneys' fees related to responding to the removal. The Court declines to award fees, particularly because the majority of the hours billed involve either (1) background work on the case that likely would have been necessary irrespective of any removal/remand issues; or (2) preparing the unnecessary motion to remand after the R&R—recommending remand—was issued.

For the foregoing reasons, the Court overrules ACE's objections [10] and adopts the R&R [5] as the order of the Court. National Loan's

4

motion [7] to remand and motion [8] to supplement its motion to remand are denied to the extent they seek attorneys' fees and are otherwise moot, as is the motion [11] to expedite. The Clerk is directed to remand this action to the Magistrate Court of Henry County and to close this case.

IT IS SO ORDERED this 15th day of March, 2021.

Timothy C. Batten, Sr.
United States District Judge